# In the United States Court of Federal Claims

No. 19-1626MC

(Filed: December 10, 2019)

```
*************************************
AMEER FLIPPIN,                      *
                                    *
              Petitioner,           *
                                    *    RCFC 27(a); Petition to Perpetuate
v.                                  *    Testimony; Subject-Matter Jurisdiction;
                                    *    Pro Se
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

Ameer Flippin, Washington, DC, pro se.

Zachary J. Sullivan, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

  Petitioner Ameer Flippen, proceeding pro se, filed a petition on October 17, 2019, pursuant to Rule 27 of the Rules of the United States Court of Federal Claims ("RCFC"), along with an application to proceed in forma pauperis. Petitioner seeks to conduct a deposition to perpetuate the testimony of a member of the United States Attorney's Office for the District of Columbia to expose certain sealed executive orders that pertain to the 2016 presidential election in which petitioner himself participated as a write-in candidate. Petitioner's motion to proceed in forma pauperis is granted; however, because the court does not have subject-matter jurisdiction over petitioner's prospective claim, his petition under RCFC 27(a) does not describe a matter cognizable in this court and is therefore denied.

## I. BACKGROUND

  Petitioner represents that he is "a prospective plaintiff in an action intended to be commenced in the United States Federal Claims Court." Pet. ¶ 1. He asserts that he is unable to prosecute this action because the federal government "has Orders of Protection under seal preventing the release of information related to the 2016 Presidential Elections" in which petitioner was a write-in candidate and "where concerns [arose] related to National Security . . . ." Id. ¶ 2. Petitioner asserts several bases as the "subject matter" of his prospective complaint, including: (1) "the unauthorized practice of law by several individuals," (2) civil rights violations under 42 U.S.C. § 1983, (3) violations of the Federal Tort Claims Act ("FTCA"), (4) money laundering, (5) Racketeer Influenced and Corrupt Organizations ("RICO") Act violations, and (6) violations of the Sherman Antitrust Act. Id. ¶ 3.

Although the petition is not a model of clarity, it appears that petitioner argues that the illegal and tortious actions he describes are connected to the status of unspecified campaign funds involved with the 2016 presidential election. Id. Therefore, the actual subject matter of the prospective suit appears to be a claim related to those campaign funds. See id. passim. Petitioner asserts "liability concerns where political campaign funds are believed to have been taken" by the federal government via executive order, id. ¶ 3, and through this action he expects to elicit information "related to possible Executive Branch Orders targeting [petitioner] to prevent disclosure of information needed for causes of action in forthcoming litigation related to missing campaign funds from 2015 to present and internet business related transactions," id. ¶ 6 (emphasis omitted).

## II. PROCEDURAL HISTORY

Petitioner filed the instant action on October 17, 2019. Defendant responded on December 9, 2019. Deeming additional briefing unnecessary, the court is prepared to rule on the petition.

## III. LEGAL STANDARDS

### A. RCFC 27

RCFC 27 permits prospective plaintiffs to petition the court to order depositions to perpetuate testimony in certain circumstances. The testimony the petitioner seeks to perpetuate must relate to a "matter cognizable in the court," and the petition must show

(A) that the petitioner expects to be a party to an action cognizable in the court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

. . . and

(E) the name, address, and expected substance of the testimony of each deponent.

RCFC 27(a)(1); accord Trice v. United States, 19 F. App'x 853, 854 (Fed. Cir. 2001) (unpublished order) (agreeing that a petitioner must provide enough information for the court to determine that it possesses subject-matter jurisdiction over the prospective claim). "If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that" describes who is to be deposed, the subject matter of the deposition, and the form of the deposition. RCFC 27(a)(3).

## B. Subject-Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Either party, or the court sua sponte, may challenge the existence of subject-matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, see Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995), even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972). In other words, a plaintiff (even one proceeding pro se) must establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Trusted Integration, 659 F.3d at 1163.

## IV. ANALYSIS

Petitioner alleges that the testimony he seeks to perpetuate will (1) establish that a member of the United States Attorney's Office for the District of Columbia was "possibly . . . working with foreign intelligence agencies and was possibly dispatched as an undercover attorney in the United States to prevent [petitioner] from succeeding on related matters associated with the forthcoming litigation on missing 2016 Presidential Campaign Funds, redirected e-commerce transactions, seized ACH transfers, and RICO-related activities," Pet. ¶ 4(a); (2) establish a connection between missing campaign funds and the federal government, unspecified foreign governments, and petitioner's own "persistent run-ins with law enforcement," and that without such information, "it is impossible for most Americans to

maintain freedom given the increased global political environment," id. ¶ 4(b); and (3) required "to help neutralize the existing political environment associated with the White House and Congress," id. Petitioner lists seven individuals as possible adverse parties but appears to request the oral deposition of only one individual, the aforementioned member of the United States Attorney's Office for the District of Columbia that petitioner asserts may be acting for a foreign power. Id. ¶¶ 5-6.

As the court explains below, petitioner fails to establish that the prospective claims fall within the subject-matter jurisdiction of this court.

### A. Only Claims Against the United States, Not Individuals, Are Cognizable in This Court

As an initial matter, petitioner is seeking to perpetuate testimony to support claims against individuals, not the United States. However, it is well settled that the United States is the only proper defendant in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 588. Accordingly, the court lacks jurisdiction to entertain petitioner's prospective claims. However, the failure to identify the United States as the prospective defendant is not the only jurisdictional defect with the prospective claims.

### B. Allegations of Unauthorized Practice of Law Are Not Cognizable in This Court

Petitioner's first prospective claim is the "unauthorized practice of law by several individuals . . . ." Id. ¶ 3. Given the nature of other accusations in the petition, it is possible to construe "unauthorized practice of law" to mean that petitioner accuses opposing counsel—representing the federal government in a related case before the United States District Court for the District of Columbia—of practicing law to covertly serve the interests of a foreign intelligence organization. Such conduct is criminal in nature and beyond the subject-matter jurisdiction of this court. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981).

Additionally, to the extent that petitioner contends that opposing counsel in the related case is engaged in the unauthorized practice of law as the term is understood in the legal community, the court lacks subject-matter jurisdiction to entertain his claim. Black's Law Dictionary defines "unauthorized practice of law" as "[t]he practice of law by a person, typically a nonlawyer, who has not been licensed or admitted to practice law in a given jurisdiction." Practice of Law, Black's Law Dictionary (11th ed. 2019). This court does not sit in review of

Case 1:19-mc-01626-MMS   Document 7   Filed 12/10/19   Page 8 of 14

the general qualifications of attorneys at large to practice in other courts; such matters are the concern of the judges before whom those attorneys appear and the attorney discipline system of the bar that licenses them. Cf. Joshua, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). If petitioner asserts that an opposing counsel in a matter before another court is engaged in the unauthorized practice of law, he should bring his contention before the presiding judge where he faces that adversary. See, e.g., D.D.C. LCrR 57.27 (providing procedures for attorney discipline in the United States District Court for the District of Columbia). Alternatively, petitioner may lodge a complaint with the appropriate oversight body of the state or territory that licensed the subject attorney to practice. Moreover, as with petitioner's other prospective claims, a claim of unauthorized practice of law does not invoke a money-mandating source of law. Consequently, it cannot form the basis for a suit under the Tucker Act.

### C. Alleged Violations of Petitioner's Civil Rights Are Not Cognizable in This Court

Petitioner next mentions unspecified "civil rights violations" under 42 U.S.C. § 1983, Pet. ¶ 3, but does not articulate any facts as to the nature of these violations. Petitioner also asserts "persistent run-ins with law enforcement," id. ¶ 4(b), but does not identify the nature of these "run-ins" or any injuries resulting from them. Regardless, the court does not possess subject-matter jurisdiction over cases involving civil rights violations. See Johnson v. United States, 135 F.3d 778 (Fed. Cir. 1998) (unpublished table decision) ("It is well established . . . that § 1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States."); Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision . . . . Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), aff'd, 73 F.3d 379 (Fed. Cir. 1995). Because the court lacks subject-matter jurisdiction over such civil rights violations, this prospective claim is not cognizable in this court.

### D. Violations of the Federal Tort Claims Act Are Not Cognizable in This Court

Petitioner next identifies the FTCA as a basis for his prospective suit. To the extent that petitioner could bring a suit under the FTCA against the parties he names in their individual capacities, he could not do so in the Court of Federal Claims; such cases must be brought in federal district court:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

28 U.S.C. § 1346(b)(1). "The Court of Federal Claims is not a district court of the United States." Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Further, the primary jurisdictional statute of this court, the Tucker Act, emphatically excludes torts. 28 U.S.C. §

1491(a)(1). Because the court lacks subject-matter jurisdiction over FTCA claims, petitioner's prospective claim is not cognizable in this court.

### E. Violations of the Criminal Statutes Are Not Cognizable in This Court

Petitioner also asserts the intent to raise claims of money laundering, RICO Act violations, and conspiracy or service with a foreign intelligence service. These claims are criminal in nature. As noted above, this court lacks subject-matter jurisdiction over criminal matters. Thus, such claims are not cognizable in this court.

### F. Violations of the Sherman Antitrust Act Are Not Cognizable in This Court

Petitioner next identifies a prospective claim under the Sherman Antitrust Act. As with the other prospective claims, the Court of Federal Claims lacks jurisdiction over matters arising from the Sherman Antitrust Act because such actions are committed to the district courts by the statute's own terms. See 15 U.S.C. § 4 (2018) ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title[.]"); see also Kabando v. United States, No. 14-562C, 2014 WL 4251548, at *2 (Fed. Cl. Aug. 28, 2014) ("The Court does not have jurisdiction over claims arising under the Sherman Antitrust Act."), aff'd, No. 2015-5018 (Fed. Cir. Jan. 21, 2015) (order granting motion for summary affirmance); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the Court of Federal Claims lacks jurisdiction over violations of the Sherman Antitrust Act). Because the court lacks subject-matter jurisdiction over claims arising from the Sherman Antitrust Act, such claims are not cognizable in this court.

### G. Claims to Unspecified Campaign Funds Are Not Cognizable in This Court

Finally, although not clearly articulated, the apparent goal of the instant petition is to obtain testimony for a suit involving petitioner's interest in "campaign funds" associated with the 2016 presidential election. Petitioner makes no representations as to the source or rightful owner of the campaign funds but asserts a "liability concern" in the funds and additional concerns related to national security. Pet. ¶ 3. Petitioner provides no connection between the alleged executive orders, the campaign funds, and a money-mandating source of law; instead, petitioner cites only vague concerns and asserts no ownership interest in the campaign funds. Petitioner's asserted concerns are not based on any contract with the United States, or on any constitutional provision, statute, or regulation that could be fairly construed as mandating compensation by the federal government. Additionally, there is no allegation of an illegal exaction by the federal government. Therefore, petitioner's concerns regarding the campaign funds cannot reasonably be construed to invoke a cause of action cognizable in this court.

## V. PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Having determined that it lacks jurisdiction to entertain petitioner's prospective claims, the court turns to petitioner's application to proceed in forma pauperis. To proceed with a civil action in this court, a plaintiff must either pay $400 in fees—a $350 filing fee plus a $50 administrative fee—or request authorization to proceed without payment of fees by submitting a

Case 1:19-mc-01626-MMS   Document 7   Filed 12/10/19   Page 12 of 14

signed application to proceed in forma pauperis.[1]  See 28 U.S.C. § 1915; see also Waltner v. United States, 93 Fed. Cl. 139, 141 n.2 (2010) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees, and (3) states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Evaluation of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff."  Alston-Bullock v. United States, 122 Fed. Cl. 38, 45 (2015).

Petitioner has fulfilled all three requirements of 28 U.S.C. § 1915(a)(1), and the court is satisfied that he is unable to pay the filing fee.  Therefore, the court grants petitioner's in forma pauperis application and waives his filing fee.

## VI. CONCLUSION

Although the court **GRANTS** petitioner's application to proceed in forma pauperis, petitioner's bases for his RCFC 27 petition, even liberally construed, are not within the Court of Federal Claims' subject-matter jurisdiction.  Accordingly, the court **DENIES** the petition.

In addition, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because the claims upon which the petition is based are clearly beyond the subject-matter jurisdiction of this court.

**IT IS SO ORDERED.**

*/s/ Margaret M. Sweeney*
MARGARET M. SWEENEY
Chief Judge

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, 28 U.S.C. § 451, the court has jurisdiction to adjudicate applications to proceed in forma pauperis.  See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

Case 1:19-mc-01626-MMS   Document 7   Filed 12/10/19   Page 14 of 14